# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**TONY DELON HOLDEN (#377736)**             **CIVIL ACTION NO.**

**VERSUS**             **24-157-BAJ-EWD**

**DUSTIN BECKHAM**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 6, 2025.

**ERIN WILDER-DOOMES**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**TONY DELON HOLDEN (#377736)**　　　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　**24-157-BAJ-EWD**

**DUSTIN BECKHAM**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Tony Delon Holden ("Holden"), who is representing himself and who is confined at the Dixon Correctional Institute in Jackson, Louisiana. Based on the screening permitted by 28 U.S.C. § 1915(e), and required by 28 U.S.C. § 1915A, it is recommended that Holden's claims be dismissed with prejudice for failure to state a claim, that exercise of supplemental jurisdiction over any potential state law claims be declined, and that this case be closed.

**I.　BACKGROUND**

Holden filed this lawsuit on or about February 26, 2024 against Dustin Beckham ("Defendant") under 42 U.S.C. § 1983, alleging that his constitutional rights were violated because of a false disciplinary report, which caused him to lose good time credits and trustee status.[1] Holden seeks injunctive relief.[2]

**II.　LAW & ANALYSIS**

**A. Standard of Review**

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] *See* R. Doc. 1, pp. 4-7. Because Holden requests reinstatement of his good time credits it appears that his good time credits were affected by the disciplinary infraction. R. Doc. 1, p. 4.
[2] R. Doc. 1, p. 4.

granted.³  The screening process gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in fact or in law.  Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered. Holden has sued the head warden of the facility where he is incarcerated--a government official-- so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).⁴  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.⁵  To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"⁶  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."⁷ To survive dismissal, a complaint must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.⁸

### B.  Holden Cannot State a Claim for a False Disciplinary Report

The law is clear that "there is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations."⁹ Holden

---

³ 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP").  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Holden was granted IFP status on March 1, 2024, so both statutes apply.  R. Doc. 3.
⁴ *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
⁵ *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
⁶ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
⁷ *Id.*
⁸ *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
⁹ *Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994), citing *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984); *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986).

2

does not say that the state remedy available for him to challenge the disciplinary charge was inadequate, and there is no information available that state procedures were not adequate.[10]

Even if Holden had alleged that available state remedies were inadequate, the issuance of one or more false disciplinary reports, even when the report leads to punishment, cannot be the basis for a federal constitutional violation unless the punishment has exposed an inmate to an unusual and significant deprivation (considered in the context of prison life).[11]  Though Holden alleges he was sent to Cell Block "C" where he was held until his disciplinary court hearing and then was housed on Compound #1, he does not provide any details about the difference in living conditions between where he was confined before and after his transfer for the rule violation.[12] A disciplinary sentence of a quarters change is not generally so unusual or significant that it would support a claim for a procedural due process violation,[13] so Holden's change of living quarters is not enough to show a liberty interest protected by the due process clause.[14]  Finally, though it appears his trustee status was revoked, Holden does not have a liberty interest in his custodial classification, and therefore, cannot state a due process claim based on a change of such classification.[15] For these reasons, any federal due process claims based on the alleged false disciplinary report should be dismissed for failure to state a claim.

---

[10] *See Collins*, 743 F.2d at 253-54 (finding that a claim by an inmate that he was improperly charged with a disciplinary violation, standing alone, does not state a due process violation if the state provides an adequate post-deprivation remedy).

[11] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

[12] R. Doc. 1, p. 7.

[13] *Sandin*, 515 U.S. at 486.

[14] *Id. See also Triplett v. LeBlanc*, No. 13-243, 2015 WL 893057, at *5 (M.D. La. March 2, 2015); *Fisher v. Wilson*, 74 Fed.Appx. 301, 302 (5th Cir. 2003) (When a plaintiff fails to allege that placement in administrative segregation presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due-process guarantees, he has failed to state a claim for violation of due process) and *Mendez v. Johnson*, No. 14-2507, 2014 WL 4782726, at *3 (S.D. Tex. Sep. 23, 2014) (same, citing *Sandin*, 515 U.S. 472).

[15] *See Day v. Lensing*, 48 Fed.Appx. 105, 105 (5th Cir. 2002) (*per curiam*) (no liberty interest in custodial classification where trustee status was revoked).

### C. Leave to Amend Should Not be Granted

Though "[o]rdinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed…[g]ranting leave to amend…is not required if the plaintiff has already pleaded her best case."[16] It appears Holden has already pleaded his best case. He clearly laid out the facts about what he claims happened that he believes violated his constitutional rights. Additionally, even if Holden could state facts that better demonstrate he was subjected to an atypical or significant hardship beyond the incidents of prison life and that he was denied due process, his claim cannot proceed because any claim related to the disciplinary conviction appears to be barred.[17] As noted above, for relief, Holden seeks restoration of his good-time credits, implying that he lost good-time credits as a result of the disciplinary conviction.[18] "A prisoner [] cannot bring a § 1983 action seeking damages…based on a 'conviction' until that 'conviction' has been" reversed, expunged, or otherwise declared invalid; similarly, any claim for injunctive relief seeking restoration of good-time credits is not cognizable in a § 1983 action.[19] A "'conviction' for these purposes … includes a ruling in a prison disciplinary proceeding that results in a change to

---

[16] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[17] *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 2012) ("A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding."); *Heck v. Humphrey*, 512 U.S. 477 (1994).
[18] R. Doc. 1, p. 4.
[19] *Clarke*, 154 F.3d at 189; *Malchi v. Thaler*, 211 F.3d 953, n. 3 (5th Cir. 2000) ("a prisoner must bring a habeas action rather than a § 1983 suit to recover good-time credits lost in a disciplinary hearing."). Although the Court can treat a § 1983 case as a habeas case, the Court should not do so here because it does not appear that Holden did, or could have, fully exhausted state court remedies with respect to his claims before filing suit in this court, as required. *See Hicks v. Zaragoza*, 62 F.3d 394, 394 (5th Cir. 1995) (noting the judicially imposed requirement that § 2241 claims be exhausted through the state courts prior to being brought in federal court). First, this case was filed just four months after the incident about which Holden complains. He would not have had time to complete review in state court, through review at the Louisiana Supreme Court in that short time. *See Shabazz v. Warden*, No. 15-1686, 2015 WL 5016477, at *2 (W.D. La. Aug. 21, 2015) (to exhaust, an inmate must present his claims to the state's highest court in a procedurally proper manner). Additionally, a search of Westlaw reveals no filings in the state courts by Holden after this incident. *Spellman v. Cain*, No. 15-824, 2016 WL 2637658, at *2 (E.D. La. Feb. 19, 2016), report and recommendation adopted, No. 15-824, 2016 WL 2594837 (E.D. La. May 5, 2016) (noting the use of a Westlaw search in finding a petitioner had not exhausted remedies). To the extent Holden wants to challenge the loss of his good time credits, he could file a § 2241 habeas *after* he exhausts the claim in Louisiana state court.

4

the prisoner's sentence, including the loss of good-time credits."[20] Accordingly, because Holden alleges that his disciplinary conviction resulted in a loss of good-time credits, and there is no indication that the conviction has been reversed, expunged, or otherwise declared invalid, his claims arising from the conviction imposed as a result of the false disciplinary report must be dismissed.

### D.  Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Holden is bringing any state law claims in this case, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  District courts are given "wide latitude" in how state law claims are handled,[21] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[22] Having recommended that all Holden's federal claims be dismissed, it is further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

---

[20] *Clarke*, 154 F.3d at 189.
[21] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).
[22] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).

**RECOMMENDATION**

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Holden's potential state law claims and **DISMISS WITH PREJUDICE** Holden's federal claims under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.[23]

Signed in Baton Rouge, Louisiana, on January 6, 2025.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Holden is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.